Case 2:09-cr-00485-KJM   Document 37   Filed 08/24/11   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                                   Cr. No. S-09-485 KJM

      vs.

KENNETH FRANKLIN BEALS,

      Defendant.                               <u>ORDER</u>

/

        This case was on calendar on August 11, 2011, for argument on whether defendant has made a sufficient showing to require an evidentiary hearing on his motion for an order directing the government to disclose the identity of the confidential informant. Robert M. Holley appeared for defendant Kenneth Beals, who was present in court; William Wong, Assistant United States Attorney, appeared for the government.

I. <u>Background</u>

        Defendant Beals is charged with one count of possession of a firearm by an ex-felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On February 3, 2011, he filed a motion to suppress the gun, which was seized during a search of his van. He relied on the description of the incident contained in a police report prepared by Officer Harshbarger and argued that the officers did not have reasonable suspicion to approach the van, which was parked in front of a

1  liquor store, much less probable cause to conduct a warrantless search.  ECF No. 13.  In the
2  report, Officer Harshbarger said that he approached the van because he knew "this model of
3  Caravan is commonly stolen" and that when Beals said he was on probation and the passenger
4  said he was on parole, Harshbarger and his partner ordered the van's occupants detained.  ECF
5  No. 13-1 at 1.  A warrants check showed active Lake County warrants for Beals.  *Id*.  The
6  officers searched the van and found a gun in the area where Beals had been sitting.  *Id*.

7  The government submitted Officer Harshbarger's declaration as part of its
8  opposition to the motion to suppress.  Officer Harshbarger averred on October 19, 2009, he was
9  looking for this particular 1994 Dodge Caravan because he "had been given information from a
10 confidential informant that Kenneth Beals was a convicted felon and was possibly armed with a
11 handgun" and was driving such a van.  ECF No. 19-1 at 2 ¶ 4.  Harshbarger had followed up his
12 contact with the informant by requesting Beals' criminal history and driving record;
13 approximately two hours after submitting the request, Harshbarger received information that
14 Beals' driver's license was suspended, that there were two outstanding warrants from Lake
15 County, and that Beals was on probation.  *Id*. ¶ 6.  About a half an hour after receiving this
16 information, Harshbarger found the van parked in front of a liquor store.  *Id*. at 3 ¶ 7.
17 Harshbarger recognized Beals from a prior contact and ordered him out of the van.  *Id*. ¶ 10.  He
18 averred that "in order to maintain the confidentiality of the identity of my informant, I used a
19 ruse to explain my presence at the scene."  *Id*. ¶ 11.  During the encounter, Jennifer Critchfield,
20 who had been a passenger in the van, came out of the liquor store.  She was detained but then
21 released and at Beals' request, was allowed to drive the van away so it would not be impounded.
22 *Id*. ¶ 14.  Beals later acknowledged that the gun the officers found was his.  *Id*. ¶ 16.  In his
23 declaration, Harshbarger concluded by saying that "I omitted from my report any mention of the
24 fact that I had received information from a confidential informant . . . . because I want to protect
25 the identity of the confidential informant for the informant's safety."  *Id*. at 4-5 ¶ 17.
26 /////

On June 6, 2011, Beals filed a motion to dismiss for outrageous government conduct as well as the instant motion for disclosure of the informant's identity and several categories of information about the informant.  In the motion to disclose and in the motion to dismiss, Beals asserts that the officers told him that the van, which belonged to his uncle, could be impounded for his uncle to retrieve later or that "maybe the woman passenger could drive it back to the uncle's house for him."  ECF No. 31 at 7; ECF No. 30 at 9.  He continues that "Ms. Critchfield, the uncle's van, and thousands of dollars of personal property taken from the uncle's residence, disappeared that night, never to return."  *Id*.  He theorizes that Ms. Critchfield, who had been texting shortly before the arrest, is the informant and that had he known, he would not have given his uncle's keys to her.  *Id*.  In the motion to disclose, Beals suggests that the police concealed Critchfield's complicity in Beals' arrest and then allowed Beals to give his uncle's keys to a person who did not put his interests paramount.  ECF No. 30 at 14.  Beals makes all of these assertions in his points and authorities but provides no evidentiary support.  He asks for an evidentiary hearing and for the informant's identity as well as the following categories of information:  the informant's activities in this case and in other cases in which he/she was involved; other cases in which he/she testified; money paid to him/her; promises of leniency or immunity; criminal history; prior misconduct; material reflecting on his/her credibility.  ECF No. 30 at 2-3.  At the hearing on the motion, defense counsel appeared to limit his request to an *in camera* questioning of Officer Harshbarger.

The government opposes the motion, arguing that it has a limited privilege to withhold information about informants, which will give way only when a defendant shows how the informant's identity in this case will advance his motion to dismiss or motion to suppress.

The Supreme Court has recognized that the government has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law . . ."  *Roviaro v. United States,* 353 U.S. 53, 59 (1957).  However, the "privilege must give way" when "the disclosure of the informer's identity, or of the contents of his communication, is

3

relevant and helpful to the defense of an accused, or is essential to a fair determination. . . ." *Id.* at 60-61. Although the defendant bears the burden of showing the need for disclosure, some inquiry is appropriate when the defendant "makes a 'minimal threshold showing' that disclosure would be relevant to at least one defense." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (quoting *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989)). If the defense has met its threshold showing, the "favored procedure" is an *in camera* proceeding. *Spires*, 3 F.3d at 1238; *see also United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000).

Defendant seeks information about the informer's identity to support his motion to dismiss for outrageous government conduct. His theory appears to be two-pronged: that Officer Harshbarger's concealment of the informer's identity by simply omitting any mention of the informer in his initial report, and that by allowing Beals to give his uncle's keys to someone who was actively working against him, violated fundamental fairness. *See United States v. Stinson*, ___ F.3d ___, 2011 WL 3374231, at *7 (9th Cir. Aug. 5, 2011) (in order to show outrageous government conduct, defendant must show conduct that is "'grossly shocking and so outrageous as to violate the universal sense of justice'" (quoting *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991))). Although the court expresses no view whether Beals' theory, or either prong of it, ultimately will in fact support Beals' motion to dismiss, the court determines he has made his minimal showing, if barely so. Because Beals' showing is less than robust, an *in camera* hearing is not warranted. Rather, the government will be directed to make the officer available for an *in camera* telephone conversation with the undersigned alone. *See Sai Keung Wong*, 886 F.2d at 255. Thereafter, the court will determine whether to release any information to defense counsel.

/////

/////

/////

/////

4

IT IS THEREFORE ORDERED that:

1. Within seven days of the date of this order, the government shall notify the courtroom deputy for the undersigned when Officer Harshbarger is available for an *in camera* telephone interview; and

2. Within seven days of the date of this order, defense counsel may submit a list of questions, if any, he would like the undersigned to ask Officer Harshbarger.

DATED: August 23, 2011.

_____
UNITED STATES DISTRICT JUDGE